# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |  |
|---|---|---|---|
| WILLIAM LANGE, | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | 15 C 7303 | |
| v. | ) | | |
| THE UNIVERSITY OF CHICAGO and | ) | Judge Jorge L. Alonso | |
| THE UNIVERSITY OF CHICAGO | ) | | |
| RETIREMENT INCOME PLAN FOR | ) | | |
| EMPLOYEES, | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to the Employee Retirement Income Security Act ("ERISA") to recover pension benefits allegedly due to him. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the Court denies the motion.

## Facts

From 1973 through 1981, plaintiff worked for the University of Chicago ("U of C") as a full-time police officer. (Compl. ¶ 8.) From 1982 through 2009, he worked for U of C as a part-time officer, approximately 1,000 hours per year. (*Id.* ¶ 9.) From November 2009 until his retirement in 2014, Lange again worked full time for U of C. (*Id.* ¶¶ 10-11.)

U of C's 1976 pension plan provides that all U of C employees:

"[I]n the service of the University on January 1, 1976, shall become a Participant on the first day of the first month after January 1, 1976 following the later of (a) his thirtieth (30th) birthday and (b) the earliest anniversary of his employment date

which is the end of two (2) consecutive 12-month periods during each of which he completed 1,000 hours of Service for the University."

(*Id.* ¶ 12) (quoting Pension Plan § 3.2). Lange was born in 1952, reached age 30 in 1982, and completed two consecutive twelve-month periods of service of at least 1,000 hours per year in October 1975. (*Id.* ¶ 13.)

The pension plan also provides that:

"[A]n employee may elect to become a Participant in the Plan before the mandatory date . . . as of the first day of the first month on or after any of the following dates: (a) the later of his twenty-fifth (25th) birthday and the earliest anniversary of his employment date which is the end of a 12-month period in which he completed 1,000 hours of service for the University; (b) the date, before his twenty-fifth birthday, which is the end of two (2) consecutive 12-month periods during each of which he completed 1,000 hours of service for the University; and (c) his thirtieth (30th) birthday, provided that he is scheduled to perform 1,000 hours of service or more in a year."

(*Id.* ¶ 14 ) (quoting Pension Plan § 3.2). Lange turned 25 in 1977 and, before doing so, completed two consecutive twelve-month periods of service during which he worked at least 1,000 hours. (*Id.* ¶ 15.)

Before he retired, Lange asked U of C's Benefits Office for an estimate of his monthly pension benefit. (*Id.* ¶ 17.) He was told that "he was only eligible to recover benefits starting from his full-time employment in November 2009." (*Id.*)

Lange then asked Polly Jackson, a Benefits Analyst, to include all of his years of employment in his pension calculation. (*Id.* ¶ 18.) "Lange sent numerous emails to Jackson and the Benefits Department, but never received a determination of his benefits eligibility, or an explanation for the denial of the benefits he accrued during his 40 years of employment with the University." (*Id.*) As

of August of 2015, when this suit was filed, Lange had yet to receive an explanation from U of C as to why his pension benefits do not include his pre-2009 service.  (*Id.* ¶ 19.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor.  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Although ERISA does not state that a plan participant must exhaust administrative remedies before filing suit, that is how the Seventh Circuit has interpreted the statute.  *See Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011) ("[B]ecause ERISA directs employee benefit plans to provide adequate written notice of the reasons for denials of claims by plan participants and to create procedures for the review of such denials of claims, we have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute."); *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002) ("As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies.").  However, "[f]ailure to

exhaust . . . is not an element of a claim under ERISA, . . . it is an affirmative defense." *Potter v. ICI Americas, Inc.*, 103 F. Supp. 2d 1062, 1065 (S.D. Ind. 1999). Thus, the Court can dismiss the complaint on this basis only if "[t]he fact that . . . plaintiff has failed to exhaust administrative remedies . . . appear[s] plainly on the face of the complaint." *Id.* (quotation omitted); *see Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court–that is, admits all the ingredients of an impenetrable defense–may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

Exhaustion may be excused, if plaintiff "lack[ed] . . . meaningful access to [the] review procedures." *Edwards*, 639 F.3d at 361. Such is the case here, plaintiff says, because U of C did not give him a copy of the plan and ignored his requests for information. (Compl. ¶¶ 16-20.) Defendant takes issue with plaintiff's version of events. But the Court cannot resolve factual disputes at this stage of the litigation, and plaintiff's allegations, if true, suggest that he was denied meaningful access to administrative review. *See Boesl v. Suburban Trust & Sav. Bank*, 642 F. Supp. 1503, 1516 (N.D. Ill. 1986) (plaintiff was denied meaningful access because he was not told "how to file an appeal, or even told an appeal was possible"); *see also Frank v. Ameritech Corp.*, No. 98 C 5506, 1999 WL 1011107, at *4 n.5 (N.D. Ill. Oct. 12, 1999) (plaintiff's assertion that "she filed a claim for benefits but following the denial of her claim was not informed of a further review" held to "adequately allege[] an exception to the exhaustion requirement"). Because plaintiff's complaint supports the inference that the exhaustion requirement is excused, his purported failure to exhaust is not a basis for dismissing this suit.

## Conclusion

For the reasons set forth above, the Court denies U of C's motion to dismiss for failure to exhaust [7].  The parties are ordered to appear for a status hearing on December 3, 2015 at 9:30 a.m.

**SO ORDERED.**                    **ENTERED:  November 19, 2015**

**HON. JORGE ALONSO**
**United States District Judge**